UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL CHOWNING, | |
| Petitioner, | |
| v. | CAUSE NO.: 3:19-CV-176-JD-MGG |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Michael Chowning, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary proceeding at Miami Correctional Facility (MCF 2018-10-0652), in which he was found guilty of possessing a controlled substance in violation of Indiana Department of Correction ("IDOC") disciplinary offense B-202. (ECF 1.) As a result, he lost 60 days of earned-timed credits. (ECF 15-9.)

The charge was initiated on October 28, 2018, when Sergeant C. Calvert wrote a conduct report stating as follows:

> On 10-28-18 I, Sgt Calvert was working RHU. Pod Officer T. McVoy contacted the Sergeant's office via telephone to inform Sgt. R. McCullum and I that he had heard Offender Griffin, Cody #239362 R-606 (W) having a conversation with Offender Chowning, Michael #198059 D-348 (B) about bringing drugs into RHU. Sgt. McCullum and I went and confronted Offender Chowning about the issue. Offender Chowning attempted to get rid of the evidence by dropping it on the floor as Sgt. McCullum and I approached him. Sgt. McCullum quickly recovered the small package. The small black package contained a white unknown substance. I escorted Offender Chowning into the laundry room and performed a strip search. Offender Chowning had nothing else on his person. I contacted DHU to have Offender Chowning cell searched for further contraband. Offender

> Chowning was given a work evaluation and I submitted a report for reclassification.

(ECF 15-1). Officer T. McVoy submitted the following witness statement:

> On 10-28-18 I, Ofc. T. McVoy was listening to a conversation between Offender Chowning, Michael #198059 D-348 (B) and Offender Griffin, Cody #239362 R-606 (W) about a possible drug exchange. I contacted Sgt. R. McCullum about the conversation. Sgt. R. McCullum and Sgt. C. Calvert went to confront Offender Chowning. I watched Offender Chowning dropped [sic] a small package on the floor. Sgt. R. McCullum recovered the package.

(ECF 15-12.) Likewise, Sergeant R. McCullum submitted the following witness

statement:

> On 10-28-18 I Sgt R. McCullum was contacted by pod officer T. McVoy about Offender Chowning, Michael #198059 D-348 (B) possibly having drugs on his person. Sgt C. Calvert and I went to confront Offender Chowning and perform a strip search. As Sgt. Calvert and I approached Offender Chowning I noticed a small black package drop from his right hand. I quickly picked the package up as Sgt. Calvert escorted Offender Chowning to the back for the strip search. I confronted Offender Chowning about the package and asked what the white substance was in it. Offender Chowning stated "it's only salt sarge[.]"

(ECF 15-13.)

Photographs were taken of the package containing the white substance, alongside a white stick labeled, "Nartec, Inc. Methamphetamine Test." (ECF 15-2 at 1-4.) A notice of confiscated property and an evidence record were also prepared reflecting that black folded paper with a white substance was confiscated from Mr. Chowning. (ECF 15-3; ECF 15-4.)

On November 2, 2018, Mr. Chowning was formally notified of the charge. (ECF 15-6.) He pled not guilty and requested the assistance of a lay advocate, and one was

2

appointed for him. (*Id.*; ECF 15-7.) He requested a witness statement from his classification counselor, Mathew Bisher, to "confirm" that a test of the substance was "positive" for drugs. (ECF 15-6.) He also requested review of the surveillance video from "the horseshoe in RHU," where the incident occurred, to show that "nothing fell out of my hands & that I had 6 laundry bags in my hands." (*Id.*) The hearing was postponed twice for further investigation. (ECF 15-8 at 1-2.) The hearing officer searched for surveillance video pursuant to Mr. Chowning's request, but ultimately advised him that there was "no coverage for the area you requested." (ECF 15-10.) The hearing officer also emailed Counselor Bisher to request clarification of the photos he took "showing the white stick with the black tip next to the white powdery substance." (ECF 15-11.) Counselor Bisher responded: "It's showing that I tested the substance found with a Nartec Methamphetamine field test and the result was positive." (*Id.*)

On November 30, 2018, a hearing was held on the charge. (ECF 15-9.) Mr. Chowning denied responsibility. (*Id.*) Based on staff reports and the photographs, the hearing officer found Mr. Chowning guilty. (*Id.*) Among other sanctions, he lost 60 days of earned-time credits. (*Id.*) His administrative appeals were denied. (ECF 15-14 at 1-7; ECF 15-15.) He then filed the present petition. (ECF 1.)

When prisoners lose earned-time credits in a disciplinary proceeding, the Fourteenth Amendment Due Process Clause guarantees them certain procedural protections: (1) at least 24 hours advance written notice of the charge; (2) an opportunity to be heard by an impartial decisionmaker; (3) an opportunity to call witnesses and present documentary evidence when consistent with institutional safety and

3

correctional goals; and (4) a written statement by the decisionmaker of the evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). To satisfy due process, there must also be "some evidence" to support the hearing officer's decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Mr. Chowning raises three claims in his petition: (1) the hearing officer refused to consider the video evidence; (2) prison staff failed to "maintain a proper chain of custody of the alleged controlled substance"; and (3) he was denied the opportunity to select the lay advocate of his choosing. (ECF 1.) The respondent argues that these claims are not cognizable or otherwise without merit.[1] (ECF 15.)

Mr. Chowning first argues that the hearing officer failed to consider the video evidence. (ECF 1 at 2.) He appears to be relying on provisions of the IDOC Disciplinary Code for Adult Offenders ("Disciplinary Code"), as he argues that the appropriate state form was not provided to him in connection with the video evidence he requested. (ECF 1 at 2.) Even if he is correct in his argument, a violation of internal prison policy or other state law does not present a cognizable basis on which to grant him federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (inmate's claim that prison failed to follow internal policies and procedures in prison handbook had "no bearing on his right to due process"). To the

---

[1] By operation of N.D. IND. L.R. 47-2, Mr. Chowning was required to file his traverse by February 28, 2020. None was received by that deadline. Out of an abundance of caution, the court issued an order resetting the deadline to August 17, 2020. (ECF 16.) That deadline has passed and no traverse has been filed.

extent he is alleging a federal due process violation, prisoners have a right to submit relevant exculpatory evidence, but they do not have the right to the creation of evidence that does not already exist. *Wolff*, 418 U.S. at 556. Here, the record reflects that the hearing officer searched for video evidence pursuant to Mr. Chowning's request, but there was no coverage in the area where the incident occurred. (ECF 15-10.) The hearing officer cannot be faulted for failing to consider evidence that did not exist. He has not established a violation of his due process rights in connection with this claim.

In his second claim, Mr. Chowning argues that prison staff "failed to maintain a proper chain of custody" for the package. (ECF 1 at 3.) He again appears to be relying on provisions of the Disciplinary Code, as he argues that certain state forms were not properly completed with respect to the package that was recovered. (*Id.*) As stated above, a violation of internal prison rules or other state law would not provide a basis to grant him federal habeas relief. *Estelle*, 502 U.S. at 67–68; *Keller*, 271 F. App'x at 532.

His argument could also be understood as a challenge to the sufficiency of the evidence. To satisfy due process, there only needs to be "some evidence" of guilt. *Hill*, 472 U.S. at 455. As the Seventh Circuit has explained:

> This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). A conduct report alone can be sufficient evidence to support a finding of guilt. *McPherson v. McBride*, 188 F.3d 784, 786

5

(7th Cir. 1999). Likewise, circumstantial evidence can be sufficient to satisfy the "some evidence" test. *Meeks v. McBride*, 81 F.3d 717, 721 (7th Cir. 1996).

Mr. Chowning was found guilty of B-202, which prohibits "[p]ossession or use of any unauthorized substance controlled pursuant to the laws of the State of Indiana or the United States Code, possession of drug paraphernalia, possession/use of a synthetic drug, or drug lookalike." (ECF 15-16 at 3.) "Possession" means "[o]n one's person, in one's quarters, in one's locker or under one's physical control." (ECF 15-17 at 5.) Here, the conduct report and witness statements of Officer McVoy and Sergeant McCullum reflect that two eyewitnesses saw Mr. Chowning drop the package out of his hand. (ECF 15-1; ECF 15-12; ECF 15-13.) There is also evidence that the white powder in the package tested positive for methamphetamines, a controlled substance.[2] (ECF 15-2 at 1-4; ECF 15-11.) There was thus some evidence in the record to support the finding of guilt. Mr. Chowning professes his innocence, but it is not the province of this court to reweigh the evidence to make its own determination of guilt or innocence. *Webb*, 224 F.3d at 652. He has not established a violation of his due process rights.

In his final claim, Mr. Chowning argues that he was not permitted to "select a choice of lay advocate from the approved list of lay advocates." (ECF 1 at 4.) His supporting argument is somewhat confusing, but he appears to argue that the screening form was not properly completed in accordance with the Disciplinary Code because it did not list the name of the lay advocate that was appointed to represent him. (*Id.* at 4-

---

[2] *See* IND. CODE § 35-48-4-6.1.

6

5.) Even if he is correct, a violation of the Disciplinary Code would not entitle him to federal habeas relief. *Estelle*, 502 U.S. at 67–68; *Keller*, 271 F. App'x at 532.

To the extent he is complaining that he could not select the lay advocate of his choosing, that is not a right afforded by the Due Process Clause. Indeed, a lay advocate is only required to be appointed when an inmate is illiterate or the issues in a case are overly complex. *Wolff*, 418 U.S. at 570; *see also Miller v. Duckworth*, 963 F.2d 1002 (7th Cir. 1992). As reflected in his filings, Mr. Chowning is not illiterate. He prepared a detailed administrative appeal and the present petition, both of which contain cogent arguments challenging the guilty finding. Nor was this a particularly complex case. The dispute came down to whether Mr. Chowning dropped the package, and whether the package contained a controlled substance. Mr. Chowning was able to mount a defense in that he requested documentation of whether the substance had been tested, and also argued that he could not have dropped the package because he had laundry bags in his hand. Although the Due Process Clause did not mandate the appointment of a lay advocate under these circumstances, one was provided for him. Documents submitted by the respondent reflect that lay advocate Terry Chum was appointed for Mr. Chowning on November 21, 2018, nine days prior to the disciplinary hearing. (ECF 15-7; ECF 15-9.) His displeasure with this lay advocate's performance or his desire to have a different lay advocate represent him does not establish a due process violation.

For these reasons, the court DENIES the habeas corpus petition (ECF 1), and DIRECTS the clerk to enter judgment in this case.

SO ORDERED on October 14, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT